UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | |
|---|---|
| **Case Title :** MICHAEL MATRACIA | **Case No :** 13-28288-D-11 |
| | **Date :** 8-21-13 |
| | **Time :** 10:00 a.m. |

**Matter :**   [14] MOTION TO EMPLOY DANIEL J. HANECAK AS ATTORNEY(S) [DJH-1]

**Judge :**              Robert Bardwil
**Courtroom Deputy :**   Nancy Williams
**Reporter :**           Diamond Reporters
**Department :**             D

**APPEARANCES for:**
**Movant(s) :**
   Attorney Daniel Hanecak for Debtor
**Respondent(s) :**
   Attorney Daniel Fujimoto for Creditor (phone)

CIVIL MINUTES

**Motion Denied**

**Court to issue Minute Order**

```
                Final ruling:

     This is the debtor's motion to employ Daniel J. Hanecak
("Counsel") as his counsel in this chapter 11 case, apparently in
exchange for a flat fee of $10,000 for post-petition services.  The
motion was noticed pursuant to LBR 9014-1(f)(2); thus, ordinarily, the
court would entertain opposition, if any, at the hearing.  However,
for the following reasons, the motion will be denied.

     First, there are the following service defects:  (1) the moving
party failed to serve the IRS and the Franchise Tax Board at their
addresses on the Roster of Governmental Agencies, as required by LBR
2002-1 (and those creditors have not been notified of the case at
those addresses, as required by the same rule); (2) the moving party
```

failed to serve the party filing Claim No. 3 at the address on its proof of claim, as required by Fed. R. Bankr. P. 2002(g)(1); and (3) the moving party failed to serve Chase Home Finance, which has not filed a proof of claim in this case, at the address listed on the debtor's Schedule D, as required by Fed. R. Bankr. P. 2002(g)(2).

Second, Counsel's disclosure of his connections with the debtor, as required by Fed. R. Bankr. P. 2014(a), is incomplete.  Counsel states in his declaration:

> The firm has no connection with [the debtor], his creditors, or any party in interest herein, their respective attorneys or accounts [sic], the United States trustee, or any person employed in the office of the United States trustee, except that the firm represents the debtor in this proceeding.

Declaration of Daniel J. Hanecak, filed August 7, 2013, at 2:1-4.  In contrast, Counsel's fee agreement with the debtor, filed as an exhibit, reveals that Counsel represented the debtor pre-petition, for which Counsel charged and the debtor paid fees of $10,000 for services described as "consultation, analysis, strategy formulation, strategic preparation such as negotiations and claims dispute workups, and document preparation."  (Chapter 11 Bankruptcy Attorney-Client Fee Agreement, Debtor's Ex. A ("Agreement"), at ¶ 2.)  This prior connection of Counsel with the debtor – both the representation and the payment – should have been disclosed in Counsel's declaration.

Third, the proposed terms of Counsel's compensation are not clear.  The arrangement for post-petition services appears to be some sort of hybrid of a fixed fee and a lodestar arrangement.  The motion states that Counsel will receive a fee of $10,000, but also that Counsel may file periodic applications seeking "interim allowances of fees and costs <u>incurred to the date</u> of such" applications.  Application to Approve Employment of Attorney, at 3:11-12 (emphasis added).  The motion also says Counsel may receive a premium at the end of the case if warranted, but does not indicate whether the premium would be determined by hours billed above the $10,000 fixed fee or otherwise.  The parties' fee agreement also refers to a post-petition fee of $10,000, to be paid in increments of $5,000 upon court approval, but also refers to billing for attorney's fees on a lodestar basis (hours spent times hourly rate), and to monthly statements showing fees and costs incurred and the "current balance owed."  Agreement at ¶ 5.

Because of these discrepancies, the court cannot tell what will trigger Counsel's duty to file fee applications, on what basis the court will be asked to approve such fees (reasonableness based on time spent and hourly rate?  if not, on what basis?), when Counsel's compensation will be considered to have been earned,[1] whether the debtor will be responsible to pay any portion of the fee if the case is dismissed or converted before Counsel has filed a fee application,[2] and so on.  In addition, the motion refers to the possibility of a

premium above the flat fee, whereas the fee agreement (which states that it contains all the terms of the parties' agreement) states that post-petition attorney's fees "will be a flat fee of $10,000.00, with no additional hourly fees . . . " (Agreement, at ¶ 3).  In short, the various documents make it impossible to determine what the actual terms of Counsel's compensation will be.

In addition, the statement in the fee agreement that the $10,000 pre-petition payment is not refundable is not appropriate.  Pursuant to § 329(a) and (b) of the Bankruptcy Code, Counsel will be required to demonstrate to the court that those fees represented the reasonable value of the services performed.  (Section 329(a) expressly requires disclosure of all compensation paid during the year prior to the filing; pursuant to § 329(b), the court may order the return of such compensation to the extent it exceeds the reasonable value of the services performed.)

Fourth, the court will not approve the provisions in the fee agreement whereby the debtor "waive[s] any potential conflicts of interest" (Agreement at ¶ 11) and under which Counsel may represent any existing or future client with respect to a claim adverse to the debtor, so long as in the course of representing the debtor, Counsel has not obtained information that would be adverse to the debtor's interests with respect to that claim (¶ 8).  Those provisions conflict directly with the fundamental bankruptcy requirements that Counsel not hold or represent an interest adverse to the estate, and that he at all times be a disinterested person (§ 327(a)).  Whether or not the court approves Counsel's employment in this case on a later motion, the court explicitly disapproves those provisions.

Next, Counsel's Rule 2016(b) statement, filed with the petition, improperly purports to limit the scope of Counsel's services to be performed in this case to exclude "representation of the debtors [sic] in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding."  DN 1, at 40.[3]  Pursuant to LBR 2017-1(a)(1), Counsel may properly exclude adversary proceedings from the scope of his representation of the debtor; the other purported exclusions are, pursuant to the rule, expressly within the scope of such representation.

Finally, the court does not have any evidence about Counsel's bankruptcy experience, especially his chapter 11 experience.

For the reasons stated, the motion will be denied by minute order.  The court will hear the matter.

---

1  The fee agreement states in one place that Counsel expects to apply for court approval of $5,000 in four to five months and the other $5,000 in six to ten months, and that the debtor agrees to make payments "promptly upon Court approval" (Agreement at ¶ 3), but in another place that "[a]ttorney fees will be billed upon Court approval

as your attorney" (id.) (presumably, court approval of Counsel's employment).

2  The fee agreement says "[w]hen all services are concluded, all unpaid charges will immediately become due and payable." Agreement, at ¶ 6.

3  The Rule 2016(b) statement also conflicts with the motion and the parties' fee agreement in that neither of the latter purports to exclude anything except adversary proceedings.  Thus, the court cannot determine whether the debtor was informed of the purported exclusions listed in the Rule 2016(b) statement.