3
Edmund Gee – 178627
Antonia Darling – 76190
UNITED STATES DEPARTMENT OF JUSTICE
501 "I" Street, Suite 7-500
Sacramento, California 95814
(916) 930-2100/ Fax (916) 930-2099
edmund.gee@usdoj.gov

Attorneys for August B. Landis,
Acting United States Trustee, Region 17

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL WESTLY MATRACIA,<br><br>        Debtor. | Case No.: 13-28288-D-11<br><br>D.C. No.: UST-1<br><br>Date: October 2, 2013<br>Time: 10:00 a.m.<br>Place: Robert T. Matsui U.S. Courthouse<br>      Courtroom 34 (Bardwil, J.)<br>      Sacramento, California |

UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S SMALL BUSINESS NON-DESIGNATION

TO THE HONORABLE ROBERT S. BARDWIL, U.S. BANKRUPTCY JUDGE:

    August B. Landis, the Acting United States Trustee for the Eastern and Northern Districts of California and the District of Nevada ("United States Trustee") hereby objects to the above-captioned debtor's non-designation as a "small business," pursuant to FED.R.BANKR.P. 1020(b), and, as grounds therefor, would respectfully show the Court the following:

I.   INTRODUCTION

1. The Debtor should be designated as a small business debtor as defined in 11 U.S.C. § 101(51D).

2. This Chapter 11 case was filed on June 19, 2013.

1

3. On the voluntary petition commencing this case, the debtor, Michael Westly Matracia ("Debtor"), checked the box indicating that "Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)" ("Small Business Non-Designation"). *See* Docket No. 1, Voluntary Petition.

4. On the voluntary petition, the Debtor also checked the box indicating "Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925." *See id.*

## II.  OBJECTION

5. The Debtor's Small Business Non-Designation is not correct.

6. Section 101(51D) of title 11 of the United States Code states:
   (51D) The term "small business debtor"--
   (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning or operating real property or activities incidental thereto) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,490,925 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor; and
   (B) does not include any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,490,925 (excluding debt owed to 1 or more affiliates or insiders).

*See* 11 U.S.C. § 101(51D) (Westlaw, Aug. 26, 2013).

7. The Debtor's occupation is landscape contractor. *See* Docket No. 1, Schedule I.

8. The Debtor is a sole proprietor doing business as "PondPro." *See* Docket No. 1, Statement of Financial Affairs, Item 18. The nature of the Debtor's business activity is landscaping. *See id.*

9. Thus, it is apparent that the nature of the Debtor's primary business activity is not "the business of owning or operating real property or activities incidental thereto." *See* 11 U.S.C. § 101(51D).

10. The Debtor's total liabilities are $453,393.11.  *See* Docket No. 1, Summary of Schedules.

11. The United States Trustee has not appointed a committee of unsecured creditors in this case.

12. There are no bankruptcy cases in the last 8 years, filed by a debtor who is affiliated with the Debtor.  *See* Docket No. 1, Voluntary Petition.

13. The meeting of creditors in this case was concluded on July 25, 2013.  *See* Declaration of Edmund Gee,¶ 6, filed herewith.

14. This objection is timely filed, not later than 30 days after the conclusion of the meeting of creditors.  *See* FED.R.BANKR.P. 1020(b).

15. Judicial notice is requested of documents filed in this case and referenced above, and the information appearing thereon, pursuant to FED.R.EVID. 201.

### III. CONCLUSION

16. Based on the foregoing, the Court should determine the Debtor to be a "small business debtor" as defined in 11 U.S.C. § 101(51D).

WHEREFORE, the United States Trustee requests that the Court to sustain the United States Trustee's objection and/or grant such relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 26, 2013

/s/ *Edmund Gee*
EDMUND GEE

Attorney for August B. Landis,
Acting United States Trustee, Region 17